# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18MC3

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEWPORT TRIAL GROUP, SCOTT J. FERRELL, RYAN M. FERRELL, JAMES B. HARDIN, VICTORIA C. KNOWLES, ANDREW LEE BASLOW, ANDREW NILON, SAM PFLEG, MATTHEW DRONKERS, TAYLOR DEMULDER, SAM SCHOONOVER, GIOVANNI SANDOVAL, and DOES 1-10, | ) ) ) ORDER ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

Before the Court are the following motions:

(1) Motion to Compel (# 1) filed by Defendant Newport Trial Group ("NTG");
(2) Motion to Transfer Venue (# 2) filed by Defendant NTG;
(3) Motion for Judicial Notice (# 4) filed by Defendant NTG;
(4) Motion to Intervene (# 14) filed by Plaintiff Natural Immunogenics Corp. ("NIC");
(5) Motion to Dismiss (# 16) filed by Plaintiff NIC;
(6) Objections (# 19) filed by nonparty Carlos F. Negrete ("Negrete");
(7) Motion to Strike (# 30) filed by Defendant NTG;
(8) Motion to Strike (# 34) filed by Defendant NTG; and
(9) Motion to Accept Negrete's Joinder (# 35) filed by Negrete.

This case is rooted in litigation that is pending in federal court in California. Defendant NTG contends that, pursuant to Federal Rule of Civil Procedure 45, this Court has jurisdiction over its Motion to Compel because the place for compliance with the subpoenas was North Carolina. Mot.

Compel (# 1) at 1.  The subsequent motions all stem from Defendant NTG's Motion to Compel.

The issues have been fully briefed, and the matter is now ripe for ruling.  See (# 42, 45). There have been requests for a hearing on these matters.  The Court concludes, however, that the issues raised have more than adequately been briefed, and a hearing would not aid in the decision-making process.

I.     **Factual and Procedural Background**

On December 7, 2015, NIC, a Florida corporation, filed a lawsuit in the United States District for the Central District of California (the "Pending Litigation") against the NTG Defendants and the Non-NTG Defendants.[1]  Stephanie A. Sperber ("Sperber") Rev. Decl. (# 22-1) Ex. 1; see Natural Immunogenics Corp. v. Newport Trial Group, et al., Case Number 8:15-CV-02034-VS.  The Pending Litigation raises claims for malicious prosecution, violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and the violation of California's Unfair Competition Law.  Sperber Rev. Decl. (# 22-1) Exs. 1, 2.

NIC's claims in the Pending Litigation arose from a consumer class action lawsuit, which was filed against NIC in the Superior Court of California for the County of San Diego, in Nilon v. Natural-Immunogenics Corp. (the "Underlying Litigation").  Sperber Rev. Decl. (# 22-1) Ex. 6. In the Underlying Litigation, the NTG Defendants represented Andrew Nilon while Negrete, an attorney in California at that time, represented NIC.  Sperber Rev. Decl. (# 22-1) Exs. 3, 4.

Negrete represented NIC in the Underlying Litigation from April 2012 to February 2015. In February 2015, NIC replaced Negrete with the law firm of Emord & Associates.  Sperber Rev. Decl. (# 22-1) Ex. 4.  Just three months after Emord & Associates took over, the Underlying

---

[1] NTG, Scott Ferrell, Ryan Ferrell, Victoria C. Knowles, David Reid, and Andrew Lee Baslow (collectively referred to as the "NTG Defendants").  Andrew Nilson, Sam Pfleg, Matt Dronkers, Taylor, Demuler, Sam Schoonover, and Giovanni Sandoval (collectively referred to as the "Non-NTG Defendants").  Sperber Rev. Decl. (# 22-1) Ex. 2.

Litigation was dismissed. Sperber Rev. Decl. (# 22-1) Ex. 5.

In the Pending Litigation, NIC is attempting to recover nearly $200,000 for the attorney's fees it paid to Emord & Associates, in the Underlying Litigation. Id. ¶ 8. An issue in the Pending Litigation is whether NIC's damages were the result of Negrete's negligence and malpractice.

Not long after Negrete was replaced as counsel in the Underlying Litigation, Negrete left his law practice in California. Id. Ex. 8 at 4:10-11. Through investigation by the California State Bar, it was determined that Negrete had moved to South Carolina. Id. at 18:17-26:5. Negrete alleged that he had a medical condition that had forced him to abandon the practice of law. Id. at 16:16-17:25. Because Negrete made clear he would no longer be practicing law, the California State Bar did not pursue disbarment and changed his status to "involuntary inactive enrollment." Id. at 25:23-27:3; see Ex. 9.

Defendant NTG served Negrete with two subpoenas: one for documents and one to appear for deposition. Defendant NTG represents that Negrete failed to comply with the document subpoena. In particular, Defendant NTG contends that Negrete claimed that he was unable to search documents in the Hotmail email address he used when he represented NIC in the Underlying Action because he does not "like to look at it . . . [f]or reasons associated with [his] medical condition." Sperber Rev. Decl. (# 22-1) Ex. 21 at 87:7-10.

Defendant NTG seeks to compel regarding certain document requests in the document subpoena. In order to accommodate Negrete's "medical condition," Defendant NTG proposes that Negrete be compelled to provide his Hotmail email account log-in information to a neutral, third-party computer expert to allow limited searches that would produce documents that are responsive to the document subpoena. In the alternative, Defendant NTG asks for Negrete to be compelled to conduct the searches and provide responsive discovery documents, or certify that he has

complied with the search requirements and no documents exist.

Defendant NTG moves for an order directing Negrete to be compelled to do each of the following: (1) appear at a second deposition, which would last no more than three hours; (2) respond to questions related to his medical condition and medications; (3) agree to permit the Special Master assigned to the Pending Litigation be allowed to appear telephonically at the deposition to rule on any objections that are raised; (4) provide his Hotmail email account log-in information to a neutral third party expert to conduct limited searches that would produce documents responsive to the subpoena; and (5) pay reasonable attorney's fees and costs.

On December 29, 2017, Defendant NTG's counsel sent Negrete a meet-and-confer letter. Id. Ex. 25. On January 5, 2018, Negrete, Defendant NTG's counsel, and NIC's counsel participated in a meet-and-confer call. Id. ¶ 3. During the call, Defendant NTG's counsel asked Negrete if he would consent to have the discovery disputes transferred to the Central District of California to allow the Special Master assigned to the Pending Litigation address them. Id. ¶ 4. Negrete stated that he would not consent because it would be a burden for him to appear in California. Id. Defendant NTG's counsel advised Negrete that there would not be any need for him to travel because the Special Master conducted all hearings telephonically. Id; see Ex. 26 at 3:13-15. Negrete still refused to consent. Sperber Rev. Decl. (# 22-1) ¶ 4.

## II.    Discussion

### A.    Defendant NTG's Motion for Judicial Notice

The Court will first address NTG's Motion for Judicial Notice (# 4), which is filed pursuant to Federal Rule of Evidence 201. Defendant NTG requests that the Court take judicial notice of various documents filed in support of its Motion to Compel (# 1) and Motion to Change Venue (# 2). Mot. Jud. Not. (# 4) at 1-2.

Federal Rule of Evidence 201 allows courts to "judicially notice a fact that is not subject to reasonable dispute because it is generally known . . . or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of public records such as court documents. Phillips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Canady v. Pender Cty. Health Dep't, No. 7:15-CV-17-D, 2016 WL 927180, at *3 (E.D.N.C. Mar. 4, 2016); see Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (citations omitted)).

In the instant case, the documents Defendant NTG is seeking to have judicially noticed are primarily State and federal court records. See Mot. Jud. Not. (# 4) 2-4. The Court finds that the documents are public records and are properly subject to judicial notice. Consequently, NTG's Motion for Judicial Notice is granted. The Court will take judicial notice of the various documents filed in support of NTG's Motion to Compel and Motion to Change Venue.

### B. Defendant NTG's Motion to Transfer Venue

The Court will next address Defendant NTG's Motion to Transfer Venue (# 2), which is filed pursuant to Federal Rule of Civil Procedure 45(f). Defendant NTG moves this Court for an order transferring their Motion to Compel to the issuing court in the Central District of California, Case Number 8:15-CV-02034-JVS.[2] Mot. Trans. Venue (# 2) at 1-2. There are at least three reasons "exceptional circumstances" exist that make a transfer of venue appropriate. Id. at 2. The

---

[2] NTG represents that it met and conferred telephonically with Negrete on January 5, 2018, to inquire whether he would consent to a transfer of the Motion to Compel to the Central District of California. Mem. Supp. (# 2-1) at 2. Negrete refused to consent. Id.

Court will address each in turn.

Subpoenas issued to a nonparty are governed by Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45; see Fed. R. Civ. P. 34(c) ("As provided for in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Although a subpoena must be issued by the court where the underlying action is pending, Fed. R. Civ. P. 45(a)(2), challenges to the subpoena are to be heard by the district court where compliance with the subpoena was required. In re Bayer Cropscience, No. 5:16-MC-10-RJ, 2016 WL 7429201, at *2 (E.D.N.C. June 14, 2016). The court where subpoena compliance is sought may transfer a motion to the issuing court if the person subject to the subpoena consents, or if the court finds that there are "exceptional circumstances" warranting the transfer. Fed. R. Civ. P. 45(f); Ellis v. Arrowood Indem. Co., No. 2:14-MC-00146, 2014 WL 4365273, at *2 (S.D. W.Va. Sept. 2, 2014).

The Court finds that the following "exceptional circumstances" warrant the transfer of venue: First, the transfer of venue should be granted because it will promote judicial economy. In particular, the Special Master presently presiding in the Pending Litigation is familiar with the factual background relevant to the discovery issues presented by Defendant NTG's Motion to Compel. Mem. Supp. (# 2-1) at 7. Defendant NTG represents that the parties have filed thousands of pages of discovery-related motions with the Special Master. Id. Because the Special Master has already presided over numerous discovery-related disputes, the Special Master is familiar with the issues presented by both the Pending Litigation and Underlying Litigation. Id.

Second, transferring venue to the Central District of California will essentially eliminate the chance of inconsistent rulings. In a similar matter, the Special Master previously ruled on a motion to compel a second deposition of a third-party witness on the basis that the witness refused to properly answer questions. Sperber Rev. Decl. (# 22-1) Ex. 31. The Special Master granted

Defendant NTG's request for an order compelling a nonparty witness to attend a second deposition to properly answer questions. Id. The Special Master also agreed to attend the second deposition to address any further objections and assertions of privilege. Id. at 34:13.

Third, contrary to Negrete's protests, transferring venue to the Central District of California will not impose a burden on him. In particular, Negrete will not be required to come to California, as any hearing before the Special Master would be conducted telephonically. Id. Ex. 26 at 4:13-15 ("Generally, the Special Master will not hold an in-person oral hearing on a discovery dispute[.] (emphasis added)).

In sum, the Court finds that "exceptional circumstances" warrant the transfer of venue to the Central District of California. In particular, the transfer of venue will promote judicial efficiency, essentially eliminate inconsistent rulings, and will not impose a burden on Negrete. See D.R. Horton, Inc. v. NVR, Inc., No. 3:16-MC-053-RJC-DCK, 2016 WL 2942352, at *2 (W.D.N.C. May 20, 2016) (holding that the motion to transfer was appropriate because it likely furthered "judicial economy, efficient case management, and the administration of justice"). Accordingly, Defendant NTG's Motion to Transfer Venue is granted. Defendant NTG's Motion to Compel (# 1) shall be transferred to the United States District Court for the Central District of California, for consideration in the related action before that Court: Natural Immunogenics Corp. v. Newport Trial Group, et al., Case Number 8:15-CV-02034-VS.

### III. Conclusion

In light of the foregoing, the Court ORDERS as follows:

(1) Defendant NTG's Motion for Judicial Notice (# 4) is GRANTED;

(2) Defendant NTG's Motion to Transfer Venue (# 2) is GRANTED, and NTG's Motion to Compel (# 1) shall be TRANSFERRED to the United States District Court for the

7

Central District of California, for consideration in the related action before that Court <u>Natural Immunogenics Corp. v. Newport Trial Group, et al.</u>, Case Number 8:15-CV-02034-VS;

(3) The other related and fully-briefed motions (# 14, 16, 19, 30, 34, 35) will also transferred to the Central District of California; and

(4) The Clerk is DIRECTED to close this case.

Signed: April 19, 2018

Dennis L. Howell
United States Magistrate Judge